Dear Mr. Doherty:
You have requested an opinion of the Attorney General, in your capacity as legal counsel for the St. Landry Parish Solid Waste Disposal District (District). You specifically ask whether Act No. 1249 of the 1999 Regular Session of the Louisiana Legislature (Act 1249) would enable the District to enter into Intergovernmental Agreement(s) [Agreement(s)] with municipalities located within the boundaries of the District for streets and/or drainage repairs and improvements. The Agreement would authorize a municipality to use its own personnel and equipment to undertake said projects, and provide reimbursement from the District for personnel time and rental value of equipment.
 Act 1249 provides, in pertinent part, the following:
 Section 4. Powers and duties of commission. The commission shall have the following powers and duties:
 * * *
 (g) To enter into intergovernmental agreements with the governing authority . . . of any municipality within the parish for the use of surplus funds derived from fees collected from persons and/or political subdivisions for the disposal of solid waste generated outside of the boundaries of the district for the purposes of improving or resurfacing . . . municipal streets and drainage improvements incidental thereto.
Pursuant to the above provision, the District set aside approximately $2,500,000 of undedicated surplus funds for the improvements enumerated hereinabove. Each municipality within the District is to receive a lump sum of $20,000, as well as a percentage of $210,000 based upon population. The municipalities have requested that they be allowed to do the improvements with their own personnel and equipment, and bill the District for the equivalent of equipment rental and personnel time. The District would make reimbursements from the Act 1249 funds.
In answer to your question, we refer you to R.S. 33:1321, et seq., comprising the "Local Services Law". Section 1323 provides:
 § 1323. Liberal construction
 This part shall be construed liberally, to the end that, through the use of the arrangements provided herein, greater economy and efficiency in the operation of local services may be encouraged, and the benefits of such services may be extended.
 Section 1324 provides, in pertinent part, the following:
 § 1324. Grant of authority to parishes, municipalities, police juries, harbor districts and terminal districts to act jointly
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 * * *
 (2) public utility services, such as water, electricity, gas, roads, bridges. . . .
 (3) Sewers, drains and garbage and other refuse collection and disposal. (Emphasis added.)
 Section 1324.1 further provides:
 § 1324.1 Political corporations and subdivisions contracts for services
 In order to effect economy of operation, any two or more political corporations or subdivisions may contract with each other to combine the use of administrative and operative personnel and equipment upon such basis of compensation therefor as may be mutually agreed to by all such political corporations and subdivisions.
Section 1325 provides with respect to the form and publication of intergovernmental agreements:
 All arrangements concluded under the authority of R.S. 33:1224 shall be reduced to writing. For this purpose it shall suffice for each party to the agreement, acting through its governing body, to accept the agreement by the passage of an ordinance or resolution setting out the terms of the agreement. The agreement, ordinance or resolution shall be published in the official journal of the parish or municipality, in the same manner as are the other proceedings of the governing body
We believe the above provisions of the Local Services Law, when read together with Act 1249, would enable the District to enter into intergovernmental agreements with the municipalities, in question, for the purposes specified in Act 1249. We further opine that the Agreements can be structured in such a way as to enable the municipalities to use, and be reimbursed for, their own personnel time and equipment.
In Attorney General Opinion No. 92-638, we addressed the issue of whether a municipality's general fund could be reimbursed from sales tax revenues dedicated for improving and maintaining public streets, bridges, etc. The general fund expenditures sought to be reimbursed were made for purposes for which the sales tax revenues were dedicated.
Therein, we concluded that there was no legal prohibition against the reimbursement, provided the municipality's financial records clearly reflected the objects and purposes for which the general fund expenditures were used. Thus, in order to effect the transfer of tax revenues, the municipality had to provide sufficient proof that general fund monies, in the amounts of the proposed reimbursements, were used for the purposes specified in the sales tax propositions. We further advised that, for audit purposes, the Louisiana Legislative Auditor's Office would require the municipality to present invoices itemizing the general fund expenditures sought to be reimbursed. We bring this to your attention to assist you in formulating and adopting the rules governing the disbursement of Act 1249 funds required by said Act 1249.
Parenthetically, we would advise the municipalities participating in the proposed Agreements to adhere to the statutory provisions of the "Parish Transportation Fund Act" (R.S. 48:751, et seq.) and the "Louisiana Public Bid Law" (R.S.38:2211, et seq.), where applicable. We draw specific attention to R.S. 38:2212 (A)(1)(d) which defines the term "contract limit" for purposes of public bidding, as follows:
 (d) The term "contract limit" as used herein shall be equal to the sum of one hundred thousand dollars per project, including labor, materials, and equipment as per the rates in the latest edition of the Associated Equipment Dealers Rental Rate Book and administrative overhead not to exceed fifteen percent. (Emphasis added.)
Finally, the anticipated Act 1249 funds must be included and identified in the municipality's budget. The budget document must reflect that the funds will be expended for specific projects. If the previous or current budget does not reference these funds, a budget amendment will be necessary. Questions pertaining to municipal budgets should be directed to the Legislative Auditor at (225)339-3800.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj